UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO LEYBA,<br><br>            Petitioner,<br><br>    v.<br><br>FRED FOULK, Warden,<br><br>            Respondent. | No. 2:13-cv-2341 MCE KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. On October 17, 2014, the undersigned issued findings and recommendations on the merits of the original petition. On December 2, 2014, petitioner filed a document entitled "traverse," which the court construes as petitioner's objections to the findings and recommendations. On December 18, 2014, petitioner filed a motion to amend the petition, and seeks leave to stay and abey the instant petition pending his return to state court to exhaust the issue of prosecutorial misconduct in state court. On December 18, 2014, petitioner also filed an application for certificate of appealability in which he references claims of prosecutorial misconduct and ineffective assistance of counsel which were not contained in petitioner's original petition or addressed on the merits in the findings and recommendations.

////

////

1

1  Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

2  A party may amend its pleading once as a matter of course within:

3  (A) 21 days after serving it, or

4  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, it is established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

Here, although findings and recommendations have issued, final judgment has not yet been rendered. Thus, petitioner may seek leave to amend his petition. However, petitioner's motion to amend fails for several reasons.

First, petitioner failed to provide a proposed amended petition along with his motion to amend. Because petitioner is proceeding in forma pauperis, the court is unable to screen the petition without benefit of an amended petition that clearly delineates petitioner's proposed claims.

Second, petitioner seeks leave to amend to include a prosecutorial misconduct claim. In the motion to amend, petitioner notes that the court cited petitioner's statement on page seven of the original petition that the prosecutor's misstatement was a violation of petitioner's due process rights and rendered petitioner's trial fundamentally unfair. (ECF No. 22 at 4.) However, as pointed out in the findings and recommendations, petitioner's argument was focused on his due process claim concerning the admission of gang-related evidence, and petitioner had not exhausted his state court remedies in connection therewith. (ECF No. 18 at 8, n.3.) Moreover, the undersigned found that such prosecutorial misconduct claim would be unavailing:

In any event, in light of the strong evidence against petitioner, including two eyewitnesses to his shooting of victim Bravo, and the certainty of victim Lopez that petitioner had shot him (i.e., RT 296),

2

> such claim would be unavailing. See Hein v. Sullivan, 601 F.3d 897, 912-13 (9th Cir. 2010) ("In determining whether a comment rendered a trial constitutionally unfair, factors [courts] may consider are whether the comment misstated the evidence, whether the judge admonished the jury to disregard the comment, whether the comment was invited by defense counsel in . . . summation, whether defense counsel had an adequate opportunity to rebut the comment, the prominence of the comment in the context of the entire trial and the weight of the evidence."), citing Darden v. Wainwright, 477 U.S. 168, 181-82 (1986).

(ECF No. 18 at 8, n.3.) An application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable"). If petitioner wishes to amend to pursue a claim of prosecutorial misconduct, he must provide factual support for such grounds in any proposed amended petition submitted with an amended motion to amend.

Third, petitioner raised an alleged ineffective assistance of counsel claim in his request for a certificate of appealability, but such claim was not included in the original petition or in his motion to amend. It does not appear that petitioner exhausted an ineffective assistance of counsel claim by raising it in the California Supreme Court prior to filing the instant action. Thus, it is unclear whether petitioner seeks leave to amend to raise an ineffective assistance of counsel claim.

Fourth, in his motion to amend, petitioner states that his reason for the request to amend is that in petitioner's direct appeal, appellate counsel presented no grounds for review under Rule 8.500(b), and that the petition was filed solely to exhaust state court remedies. (ECF No. 22.) Petitioner is correct that appellate counsel did not raise appellate issues in connection with petitioner's violation of probation in case No. 06F10056.[1] (ECF No. 21 at 5.) However, in case

---

[1] Petitioner may refer to a procedure known as the Wende procedure. People v. Wende, 25 Cal.3d 436 (1979) (the facts of the case are set forth, and the appellate court is asked to review the record and determine whether there were any arguable issues on appeal). In Smith v. Robbins, 528 U.S. 259, 283 (2000), the United States Supreme Court upheld California's Wende procedure as constitutionally adequate. Accordingly, the mere filing of a Wende brief, without more, does not constitute ineffective assistance of appellate counsel.

1  No. 10F06425, challenging petitioner's conviction for second degree murder, attempted
2  premeditated murder, and being a felon in possession of a gun, appellate counsel did present
3  grounds for review: "the trial court erred in denying his motion in limine to exclude evidence of
4  his gang associations." People v. Leyba, Case No. C068671 (Cal. App. Dist., July 18, 2012 (ECF
5  No. 21 at 5.) Thus, petitioner's stated reason is unavailing.
6      For all of the above reasons, petitioner's motion to amend is denied without prejudice to
7  its renewal within twenty-one days.
8      With regard to petitioner's motion to stay, a habeas petitioner may request that a federal
9  action be stayed to allow for exhaustion in state court. However, federal law recognizes different
10 procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544
11 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)
12 (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject
13 to potential later amendment of petition).
14     First, under Rhines, a district court may stay a mixed petition if the following conditions
15 are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted
16 claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in
17 intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear
18 that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay
19 that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed
20 on a petitioner's return to state court. Id. at 277-78.
21     "Good cause" under Rhines is not clearly defined. The Supreme Court has explained that
22 in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals
23 of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay
24 and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The
25 Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an
26 "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).
27 Several district courts have concluded that the standard is more generous than the showing
28 needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d

844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file is fully exhausted, petitioner may seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. Timeliness of the new claims will depend on whether they relate back to the original, timely filed claims. Id., citing Mayle v. Felix, 454 U.S. 644 (2005). A new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Id., 545 U.S. at 662-64. Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659. See also Murray v. Schriro, 745

////

////

////

F.3d 984, 1015 (9th Cir. 2014) (a federal court is without jurisdiction to consider federal claims found by state courts to be procedurally barred).[2]

Therefore, if petitioner chooses to file a motion to stay, he must identify the type of stay he seeks, and if he seeks a stay under Rhines, petitioner must address each condition set forth in Rhines.  Id., 544 U.S. at 278.  Moreover, if petitioner seeks a stay under Rhines, he must also be granted leave to amend to include such unexhausted claims because the original petition is fully exhausted and contains only petitioner's due process claim.

If petitioner seeks a stay under Kelly, he need not seek leave to amend now, but will seek leave to amend to add such claims once he has exhausted them in state court.  Any motion for stay must be filed within twenty-one days from the date of this order.

Subsequently-filed motions to amend or to stay shall be briefed pursuant to Local Rule 230(l).

Finally, failure to timely file a motion to amend or stay will result in the district court's review of the October 17, 2014 findings and recommendations without further order of court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend (ECF No. 22) is denied without prejudice;

2. Petitioner's motion to stay this case (ECF No. 22) is denied without prejudice;

3. Petitioner is granted twenty-one days from the date of this order in which to file a motion to amend;

---

[2] As a general rule, any claim found by the state courts to be procedurally defaulted will not be considered in this court:

> The doctrine of procedural default provides that "a federal court will not review the merits of claims, including constitutional claims, which a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, __U.S.__, __, 132 S. Ct. 1309, 1316 (2012). This doctrine is grounded in federalism, because federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 726-29 (1991).

Murray, 745 F.3d at 1015.

4. Petitioner is granted twenty-one days from the date of this order in which to file a motion to stay; and

5. The parties shall brief any subsequently-filed motions to amend or to stay pursuant to Local Rule 230(l).

Dated:  January 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/leyb2341.mta.hc