UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO LEYBA,<br><br>        Petitioner,<br><br>   v.<br><br>FRED FOULK, Warden,<br><br>        Respondent. | No. 2:13-cv-2341 MCE KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. As set forth below, petitioner's motion for stay should be denied, and petitioner is granted an extension of time in which to file objections to the findings and recommendations issued on the merits of his petition.

I. Background

On October 17, 2014, the undersigned issued findings and recommendations on the merits of the original petition. On December 18, 2014, petitioner filed a motion to amend the petition, and sought leave to stay and abey the instant petition pending his return to state court to exhaust the issue of prosecutorial misconduct in state court. On December 18, 2014, petitioner also filed an application for certificate of appealability in which he referenced claims of prosecutorial misconduct and ineffective assistance of counsel which were not contained in petitioner's original petition or addressed on the merits in the findings and recommendations.

1

1    On January 16, 2015, petitioner's motion to amend was denied without prejudice. (ECF No. 24 at 2-4.) Petitioner's request for a stay was also denied without prejudice, and he was informed of the requirements for seeking a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). (ECF No. 24 at 4-6.) Also, because the instant petition contains only exhausted claims, petitioner was advised that he must be granted leave to amend to include the unexhausted claims in order to pursue a stay under <u>Rhines</u>, and that if he were granted a stay under <u>Kelly</u>, he would have to seek leave to amend once he had exhausted any new claims. Specifically, petitioner was informed that if he chooses to file a motion to stay, he must identify the type of stay he seeks, and, if he seeks a stay under <u>Rhines</u>, petitioner must address each condition set forth in <u>Rhines</u>, 544 U.S. at 278, and file a motion to amend, accompanied by a proposed amended petition.

After receiving two extensions of time, petitioner filed a motion to stay on April 30, 2015. Petitioner claims to seek a stay under <u>Rhines</u>, but failed to submit a motion to amend or a proposed amended petition. (ECF No. 30.) Petitioner alleges that he has limited access to the prison law library due to continuous prison lockdowns and overcrowding, which he claims obstructs his ability to research and prepare an amended petition and other documents, and to effectively argue the causes for his failure to exhaust state court remedies. (ECF No. 30 at 3-4.)

Respondent opposes petitioner's motion for stay because petitioner has no unexhausted claims pending and failed to identify any new potentially-meritorious claims he seeks to exhaust. Moreover, respondent contends that any new claims are barred by the statute of limitations.

Petitioner did not file a reply.

II. <u>Discussion - Motion to Stay</u>

Respondent's arguments are well-taken. Petitioner was provided specific information on what he must file in order to obtain a stay, and was granted over three months in which to file the motions for stay and to amend. Indeed, the instant petition was filed November 12, 2013; petitioner could have filed his motions for stay and to amend at any point thereafter. Petitioner also failed to identify any new, potentially-meritorious claim. His argument concerning limited access to the prison law library is unavailing because the court provided him with the

2

requirements for filing a motion for stay, many of which required factual, not legal, arguments to demonstrate good cause for petitioner's failure to exhaust the proposed new claims, and to show that petitioner had been diligent, not intentionally dilatory. Hamilton v. Clark, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) (holding that lack of understanding of the exhaustion requirement and limited access to prison law library insufficient to show good cause for failure to exhaust and collecting cases).

Moreover, any new claim would now be time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1) provides a one year statute of limitations period. The California Supreme Court denied the petition for review on September 26, 2012. Petitioner's conviction became final ninety days later, on December 25, 2012, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on December 26, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on December 25, 2013. Petitioner filed no additional state court petitions, so is not entitled to statutory tolling.

In addition, petitioner fails to demonstrate entitlement to equitable tolling because his allegations do not constitute extraordinary circumstances which made it impossible to timely file his motion for stay, motion to amend, or proposed amended petition. See, e.g., Fail v. Hubbard, 315 F.3d 1059, 1061-62 (9th Cir. 2001) ("equitable tolling is warranted only by extraordinary circumstances beyond the petitioner's control"); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically constitutes extraordinary circumstances). Limited library access is an ordinary prison limitation that is routinely faced by prisoners in California, and this alone is insufficient to justify entitlement to equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner's four month stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file a petition in a timely manner.").

For all of the above reasons, the undersigned recommends that petitioner's motion to stay be denied.

III. Pending Findings and Recommendations

In light of the above recommendation, petitioner is granted fourteen days in which to file objections to the October 17, 2014 findings and recommendations issued on the merits of the petition.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner is granted fourteen days in which to file objections to the October 17, 2014 findings and recommendations (ECF No. 18); and

IT IS RECOMMENDED that petitioner's motion to stay (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/leyb2341.styd

4